IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| THEE HOLY KING MESSIAH, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>THEE ENTIRE OFFICE OF THE PRESIDENT OF THE UNITED STATES DONALD JOHN DRUMPF TRUMP, *et al.*,<br><br>Defendants. | Case No. 25-cv-00551-DKW-WRP<br><br>**ORDER (1) DISMISSING COMPLAINT WITH LEAVE TO AMEND; AND (2) DENYING AS MOOT APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS[1]** |

On December 31, 2025, Plaintiff, who refers to herself as "Thee Holy King Messiah" and claims that her co-plaintiffs include "Yeshua Ha-Moshach, also known as Jesus Christ," the "Princess Queen Mother," and "Thee Holy Saint Shepards," filed the present Complaint. Dkt. No. 1. Plaintiff concurrently filed an application to proceed *in forma pauperis* ("IFP Application").[2] Dkt. No. 2.

---

[1] Pursuant to Local Rule 7.1(c), the Court finds these matters suitable for disposition without a hearing.

[2] The Court subjects each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's Complaint is nonsensical and frivolous. Reading the Complaint generously,[3] Plaintiff alleges that the federal government has been "withholding my pension checks for over 6 months" without cause and failed to respond to Plaintiff's inquiries in a timely manner. Dkt. No. 1 at 3 (pdf pagination). Plaintiff claims to be the "shepherdess who tends to Jesus Thee Holy King Christ's sheep until he physically returns and takes thee [sic] true saints . . . whereby he escorts us into paradise." *Id*. at 2. Plaintiff further states that the "United States flag needs to reflect every territory that the Caucasian white men stole from native people," and demands that "the flag [be] burned by Trump," the government "give the people their land(s) and island(s) back," and that "whatever currencies these white men have been ripping-off . . . be presented to the heads of state with great fanfare." *Id*. Plaintiff further requests "all the gold bars . . . in Fort Knox," the "entire Sotheby's luxury home inventory," a "fleet of Rolls-Royce," "all the ACME businesses," and for the national debt to be "deposited into my First Hawaiian Bank." *Id*. at 3.

The Complaint must be dismissed. Plaintiff's Complaint offers virtually no allegations—it merely demands various impossible forms of relief. What few allegations Plaintiff does provide are incomprehensible, even if construed liberally.

---

[3] The Court liberally construes a pro se Complaint. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). However, the Court cannot act as counsel for a pro se litigant, such as by supplying the essential elements of a claim. *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

*See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("Courts of Appeals have recognized § 1915(d)'s term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegations not supported by any facts."). Furthermore, Plaintiff states that the Court has federal-question jurisdiction over this action, *see* Dkt. No. 1 at 2, but fails to identify any federal statute or provision of the Constitution at issue.

In short, the Complaint is devoid of any factual or legal basis and must be dismissed. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); Fed.R.Civ.P. 8(a)(1). However, "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977–978 (9th Cir. 2013). Although the Court is doubtful that Plaintiff can cure the above-mentioned deficiencies in her pleading, it is required to DISMISS the Complaint without prejudice and with leave to amend. Plaintiff may have until February 3, 2026 to file an amended complaint consistent with a litigant's ethical obligations under Fed.R.Civ.P. 11(b). The Court cautions Plaintiff that failure to file a timely amended complaint, including identification of the jurisdictional basis for this action, will result in dismissal without further notice.

The IFP Application, Dkt. No. 2, is DENIED AS MOOT.

IT IS SO ORDERED.

DATED: January 20, 2026 at Honolulu, Hawai'i.

_____
Derrick K. Watson
Chief United States District Judge